# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF DONALD W. JAMERSON, DECEASED, DONALD E. JAMERSON, and JAMES T. JAMERSON, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 4:18-cv-581 |
| v. | )<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COME NOW Plaintiffs, The Estate of Donald W. Jamerson, Deceased, Donald E. Jamerson, and James T. Jamerson, the biological children of Donald W. Jamerson, Deceased, who died on July 29, 2016 in Kansas City, Jackson County, Missouri, and bring these claims and causes of action contained in this Complaint for Damages Under the Federal Tort Claims Act (hereinafter "Complaint") by and through undersigned counsel of record. For their claims and causes of action against Defendant, United States of America, plaintiffs state as follows:

## INTRODUCTION, JURISDICTION, AND VENUE

1. This is an action brought under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for personal injury and wrongful death arising out of the negligent or wrongful acts or omissions and negligence and professional malpractice of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to Plaintiffs under the laws of the State of Missouri, where the acts or

1

omissions occurred. 28 U.S.C. § 1346(b). This action arises from the negligent medical care and treatment provided to Donald W. Jamerson, deceased by the Department of Veterans Affairs at the Kansas City VA Medical Center. At all times relevant these persons were subject to the United States Government's right to control, including substantial supervision and direction over their day-to-day activities.

2. The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries and wrongful death caused by Defendant's agents' negligence.

3. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1346(b)(1).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Western District of Missouri.

5. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

6. On November 30, 2017, less than two years after the incident forming the basis of this suit, Plaintiffs filed their administrative claim based on the facts alleged herein with the appropriate federal agency – The Department of Veterans Affairs, Office of Chief Counsel – for damages arising out of the personal injury and wrongful death of Donald W. Jamerson, deceased, based on the negligence of United States Government employees, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment at Kansas City VA Medical Center. Copies of the administrative claims are attached hereto as Exhibit "A".

7. This suit has been timely filed as it has been more than six months since the original

2

Case 4:18-cv-00581-SRB   Document 1   Filed 07/27/18   Page 2 of 12

administrative claim was filed with the Department of Veterans Affairs, which is the appropriate federal agency, as required by 28 U.S.C. § 2675. The Department of Veterans Affairs has failed to respond to the aforementioned administrative claim with a "notice of final denial" within six months, and Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. § 2401(b), treating the agency's inaction as final denial.

## THE PARTIES

8. Plaintiff, The Estate of Donald W. Jamerson, Deceased is the probate estate of Donald W. Jamerson, pending in the Circuit Court of Clay County, Missouri, Case No. 16CY-PR00661.

9. Plaintiff Donald E. Jamerson is the personal presentative for the Estate of Donald W. Jamerson, Deceased duly appointed in Case No. 16CY-PR00661, and/or the appointed plaintiff ad litum for the Estate of Donald W. Jamerson, Deceased.

10. The Class 1 Beneficiaries pursuant to RSMo § 537.080.1(1) are sons Donald E. Jamerson and James T. Jamerson.

11. Plaintiff Donald E. Jamerson is, and at all times relevant hereto was a resident of Clay County, Missouri and the biological son of Donald W. Jamerson, Deceased.

12. Plaintiff James T. Jamerson is, and all times relevant hereto was a resident of Jackson County, Missouri and the biological son of Donald W. Jamerson, Deceased.

13. At all times material to this Complaint, Kansas City VA Medical Center has been a hospital funded by the United States of America, Department of Veterans Affairs.

14. At the time of the acts, occurrences and omissions complained of herein and at all times mentioned, defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Kansas City VA Medical Center are hereinafter

collectively referred to as "Kansas City VA Medical Center."

15. At the time of the acts, occurrences and omissions complained of herein and at all times mentioned, the Kansas City VA Medical Center held themselves out to Donald W. Jamerson, Deceased and Plaintiffs, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Donald W. Jamerson, Deceased.

16. At all times relevant in this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of Defendant. Furthermore, Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

**FACTS OF THE OCCURRENCE COMMON TO ALL COUNTS**

17. On or about July 9, 2016, Mr. Donald W. Jamerson (sometimes hereinafter "Mr. Jamerson") went to Kansas City VA Medical Center presenting at the Emergency Room with weakness, confusion, and weight loss among other health concerns.

18. During the course of Mr. Jamerson's hospital stay, on or about July 12 or 13, 2016, Mr. Jamerson fell inside his hospital room while under the care and supervision of Kansas City VA Medical Center.

19. Mr. Jamerson was sitting on the edge of his hospital bed and slipped off of the bed, hitting the back of his head and injuring himself.

20. Mr. Jamerson was evaluated after the fall and determined to have abrasions on his head.

21. Mr. Jamerson did not receive a CAT scan of his head after the July 12 or 13 fall.

22. At the time of his first fall, Mr. Jamerson was on anticoagulation medication, and after this first fall, he continued to be on anticoagulation medication.

23. Upon information and belief, Kansas City VA Medical Center deemed Mr. Jamerson a high risk for falls and requiring one-on-one supervision for safety.

24. Mr. Jamerson received one-on-one supervision after the first fall.

25. Mr. Jamerson was recovering from other managed health conditions while under the care of Kansas City VA Medical Center.

26. Kansas City VA Medical Center planned for the transfer of Mr. Jamerson to a long-term care facility, but in order for him to qualify to be accepted to a nursing facility, Mr. Jamerson was told – as was the Kansas City VA Medical Center – that he would have to go without one-on-one supervision for a period of at least 48-hours before being allowed to transfer to the long-term care facility.

27. On or about July 22, 2016, about a week after the first fall suffered by Mr. Jamerson, Kansas City VA Medical Center removed Mr. Jamerson's one-on-one supervision even though he was still at a high risk for falls and did not provide him with restraints to prevent him from falling in the future.

28. On or about the next day, July 23, 2016, as a result of the removal of the one-on-one supervision by Kansas City VA Medical Center, Mr. Jamerson fell again. Mr. Jamerson got out of his hospital bed in his room, slipped on urine on the floor, and fell to the floor.

29. During this second fall, Mr. Jamerson hit his head again on the floor, which resulted in a brain bleed and a permanent brain injury. Mr. Jamerson endured significant physical, mental, and emotional distress and trauma as a result of his injuries.

30. After his second fall, Kansas City VA Medical Center placed him back under one-on-one supervision.

31. Mr. Jamerson was taken off of the anticoagulation medication and a CAT scan of

his head was performed on or about July 23, 2016.

32. Upon review of the CAT scan results, Mr. Jamerson was diagnosed with a subdural hematoma. Mr. Jamerson and his sons were advised that Mr. Jamerson be transferred out for immediate surgical intervention, as his condition began to dramatically worsen.

33. Mr. Jamerson was first transferred to Kansas University Hospital on or about July 23, 2016, where he stayed for a short period of time.

34. Mr. Jamerson's condition did not improve and he was placed in Saint Luke's Hospice care. Mr. Jamerson died one week after the second fall on July 29, 2016 due to his injuries.

35. Mr. Jamerson's death certificate categorizes his manner of death as an "accident", with the "underlying cause" being "Bilateral Subdural Hematomas."

## CAUSES OF ACTION

## COUNT I – WRONGFUL DEATH/MEDICAL NEGLIGENCE

36. Plaintiffs adopt by reference all previous and subsequent paragraphs of this Complaint as if fully stated herein.

37. At all times relevant to the acts, errors and omissions complained of herein, defendant in this Count I had a duty to provide ordinary care and to exercise that standard and degree of skill and learning ordinarily used by skillful, careful and prudent members and health care providers of the medical profession in providing medical services to Mr. Jamerson.

38. Defendant in this Count I breached its respective duties to Mr. Jamerson by engaging the following acts or omissions, all of which deviated from and fell below the accepted standards of medical care and treatment:

   a. By negligently and carelessly failing to provide proper care to Donald W. Jamerson in that these health care providers did not meet the level of care, skill and treatment that

6

is recognized as acceptable and appropriate by reasonably prudent similar health care providers in similar circumstances;

b. By negligently and carelessly failing to possess the requisite knowledge regarding appropriate measure to take in connection with Donald W. Jamerson's care;

c. By negligently and carelessly failing to evaluate Mr. Jamerson post-fall on either July 12 or July 13, 2016 such that his injuries could be determined within a reasonable degree of medical certainty;

d. By negligently and carelessly failing to order a CAT scan of Mr. Jamerson's head after his first fall on either July 12 or July 13, 2016;

e. By negligently and carelessly failing to adequately monitor Mr. Jamerson post- and pre-fall before and after his first fall;

f. By negligently and carelessly failing to appropriately recognize and appreciate Donald W. Jamerson was too high a fall risk to be removed from one-on-one supervision after his first fall;

g. By negligently and carelessly failing to adequately monitor Donald W. Jamerson to ensure that he was not a high fall risk before and after his first fall;

h. By negligently and carelessly failing to adequately monitor the condition of Donald W. Jamerson and the floors and/or area around him to ensure that it was free of any and all liquids, including urine;

i. By negligently and carelessly failing to provide Donald W. Jamerson ongoing one-on-supervision as he was a fall risk and had already fallen a week before;

j. By negligently and carelessly failing to consult with other physicians or health care providers in regarding to the care and treatment rendered to Donald W. Jamerson;

7

k. By negligently and carelessly failing to use reasonable care in the monitoring of Donald W. Jamerson and the high fall risk he posed;

l. By negligently and carelessly failing to provide and apply the proper restraints after the first fall while Donald W. Jamerson was left unsupervised to prevent him from falling a second time; and

m. By negligently and carelessly failing to care for and treat Donald W. Jamerson in a way that complied with the requisite standards of due care and skill required and observed by licensed healthcare providers in further particulars presently unknown to plaintiff, but which is believed and alleged will be disclosed following proper discovery during the course of this litigation.

39. At all times relevant to this Complaint, Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients including Mr. Jamerson. Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Mr. Jamerson that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that Defendant presented to the community at large.

40. Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

41. Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Mr. Jamerson

42. Defendant breached its duty by negligently retaining incompetent, inexperienced,

unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

43. As a direct and proximate result of Defendant's negligence, Mr. Jamerson sustained serious, permanent, and ultimately fatal personal injuries to his head, in particular a brain bleed and a traumatic brain injury and incurred other damages, including but not limited to pain, suffering, mental anguish, loss of enjoyment of life, and eventually death.

44. As a direct and proximate result of Defendant's negligence, the aforesaid occurrences, and resulting injuries, Mr. Jamerson underwent extensive medical, surgical, hospital, nursing, therapeutic, rehabilitative, hospice, and related medical care and treatment which were reasonable and medically necessary, expenses for which have been incurred.

45. As a direct and proximate result of Defendant's negligence and Mr. Jamerson's subsequent injuries and death, Plaintiffs, Donald E. Jamerson and James T. Jamerson, have lost the benefit of Mr. Jamerson's spiritual and emotional support, guidance, counsel, companionship, love, comfort, instruction, training and society, together with all damages that Mr. Jamerson sustained before his death and for which he would have been entitled to recover had he lived.

46. The acts and/or omissions set forth above would constitute a claim under the laws of the State of Missouri.

47. Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

### COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

48. Plaintiffs adopt by reference all previous and subsequent paragraphs of this Complaint as if fully stated herein.

49. At all times relevant in this Complaint, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of Defendant.

50. At all relevant times in this Complaint, the directors, officers, operators,

9

administrators, employees, agents and staff acted within their respective capacities and scopes of employment for Defendant.

51. The directors, officers, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury, which became fatal, to Mr. Jamerson, including both acts of omission and acts of commission.

52. As a direct and proximate result of Defendant's negligence, Mr. Jamerson sustained serious, permanent, and eventually fatal personal injuries to his head, in particular a brain bleed and a traumatic brain injury and incurred other damages, including but not limited to pain, suffering, mental anguish, loss of enjoyment of life, and eventually death.

53. As a direct and proximate result of Defendant's negligence, the aforesaid occurrences, and resulting injuries, Mr. Jamerson underwent extensive medical, surgical, hospital, nursing, therapeutic, rehabilitative, hospice, and related medical care and treatment for which reasonable and necessary expenses have been incurred.

54. As a direct and proximate result of Defendant's negligence and Mr. Jamerson's subsequent injuries and death, Plaintiffs, Donald E. Jamerson and James T. Jamerson, have lost the benefit of Mr. Jamerson's spiritual and emotional support, guidance, counsel, companionship, love, comfort, instruction, training and society, together with all damages that Mr. Jamerson sustained before his death and for which he would have been entitled to recover had he lived.

55. The acts and/or omissions set forth above would constitute a claim under the laws of the State of Missouri.

56. Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

**COUNT III – LOST CHANCE OF RECOVERY, SUVIVAL ACTION**

57. Plaintiffs adopt by reference all previous and subsequent paragraphs of this

Complaint as if fully stated herein.

58. Plaintiff Donald E. Jamerson, appointed as Personal Representative for the Estate of Donald W. Jamerson, deceased, and/or plaintiff ad litem on behalf of the Estate of Donald W. Jamerson, Deceased, pursuant to the authority granted to him by RSMo 537.020 and 537.021 and the Missouri Supreme Court opinion in *Wollen v. DePaul Health Center*, 828 S.W.2d 681 (Mo. Banc. 1992), brings this action on behalf of Donald W. Jamerson, deceased, as if he were bringing this lawsuit for his damages, and pleading alternatively alleges and states as follows:

   a. While Mr. Jamerson was under the care of Kansas City VA Medical Center, he fell in his hospital room and required treatment, and if treated promptly, carried with it a significant chance of full or partial recovery.

   b. Defendant named herein failed to diagnose or adequately treat Mr. Jamerson after his first fall on or about July 12 or 13, and were negligent in the particular respects set for above, particularly in paragraph 38.

   c. The negligence of Defendant in this case, fully set forth above, directly and proximately caused, or directly and proximately contributed to cause Mr. Jamerson to lose any chance of recovery.

   d. Such lost chance of recovery was material and resulted in Mr. Jamerson's worsening subdural hematoma with all resulting damages as set forth herein. Said damages would not have been sustained, or would have been minimized, had Defendant not been negligent.

59. As a direct and proximate result of the carelessness and negligence of the Defendant, Mr. Jamerson received the following severe, permanent and progressive injuries to wit:

   a. Mr. Jamerson suffered from a worsening subdural hematoma, until he succumbed

to his injury on July 29, 2016;

b. Mr. Jamerson was forced to endure pain, suffering, and mental anguish;

c. Mr. Jamerson suffered weakness, lethargy, and the loss of his ability to enjoy life;

d. Mr. Jamerson's life expectancy and quality of life was greatly reduced; and

e. Defendant's negligence caused Mr. Jamerson to suffer loss of life on July 29, 2016.

60. As a result of the foregoing, Mr. Jamerson has been damaged.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiffs do hereby pray that judgment be entered in their favor and against Defendant as follows:

1. Awarding Plaintiffs damages according to proof;

2. Awarding Plaintiffs any additional damages that they may suffer from the date of this Complaint through the date of trial;

3. Awarding Plaintiffs their costs and attorneys' fees included herein;

4. Awarding Plaintiffs actual and compensatory damages; and

5. Awarding Plaintiffs such other relief the Court deems just and proper.

Respectfully submitted,

**THE MCCALLISTER LAW FIRM,**
A PROFESSIONAL CORPORATION

By: */s/ Brian F. McCallister*
Brian F. McCallister, MO Bar #37383
Andrew D. Ferrell, MO Bar #67468
917 W. 43rd Street
Kansas City, Missouri 64111-3133
Telephone: (816) 931-2229
Facsimile: (816) 756-1181
E-mail: info@mccallisterlawfirm.com